UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.  16-20676-SEITZ/TURNOFF

ERIC UMLAUF,

                 Plaintiff,

vs.

CARNIVAL CORPORATION,

                 Defendant.
_____/

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Defendant, CARNIVAL CORPORATION, hereinafter ("CARNIVAL") by and through its undersigned counsel, and hereby files this its Answer in response to the Plaintiff's Complaint and Demand for Jury Trial and in support thereof, avers as follows:

1.      Defendant, CARNIVAL, is without sufficient knowledge to admit or deny the allegations of Paragraph 1, and must therefore deny same.

2.      Defendant, CARNIVAL, admits paragraph 2 for purposes of this litigation only.

3.      Defendant, CARNIVAL, denies the allegations of Paragraph 3 as to the amount in controversy.  However, the Defendant has admitted as to the jurisdiction of the Court pursuant to its admiralty and maritime jurisdiction.

4.      Defendant, CARNIVAL, denies the allegations of Paragraph 4 of the Plaintiff's Complaint as framed, including subparts (a) through (f).  However, the Defendant admits that it is subject to the *en personam* jurisdiction of the United States District Court for the Southern

District of Florida, and that it may be deemed the owner and operator of the Carnival SUNSHINE for purposes of this litigation only.

5.     Defendant, CARNIVAL, admits only that it is subject to the *en personam* jurisdiction of the United States District Court for the Southern District of Florida for purposes of this litigation only.  Otherwise the allegations of Paragraph 5 are denied.

6.     Defendant, CARNIVAL, admits the allegations of Paragraph 6.

7.     Defendant, CARNIVAL, denies the allegations of Paragraph 7 of the Plaintiff's Complaint as framed.  However, the Defendant admits, for purposes of this litigation only, that it may be deemed the owner and operator of the vessel, Carnival SUNSHINE.

8.     Paragraph 8 is denied.

9.     Defendant, CARNIVAL, admits that the Plaintiff was a passenger aboard the Carnival SUNSHINE on the date alleged in the complaint.

10.     Paragraph 10 is denied.

Defendant, CARNIVAL, re-alleges, adopts and incorporates by reference its responses to the allegations in Paragraph 1 through 10 above.

11.     Defendant, CARNIVAL, denies the allegations of Paragraph 11 of the Plaintiff's Complaint as framed.  However, the Defendant admits as to the duty of reasonable care.

12.     Defendant, CARNIVAL, denies the allegations of Paragraph 12 of the Plaintiff's Complaint, including all subparts.

13.     Defendant, CARNIVAL, denies the allegations of Paragraph 13 of the Plaintiff's Complaint.

14.     Defendant, CARNIVAL, denies the allegations of Paragraph 14 of the Plaintiff's Complaint.

15.     Defendant, CARNIVAL, denies the allegations of Paragraph 15 of the Plaintiff's Complaint.

16.     The Defendant, CARNIVAL, denies that the Plaintiff is entitled to the relief sought by the Plaintiff in the WHEREFORE clause of his Complaint.  However, Defendant, Carnival does not oppose plaintiff's demand for trial by jury.

17.     The Defendant, CARNIVAL, denies all allegations of the Plaintiff's Complaint not specifically admitted herein.

18.     The Defendant, CARNIVAL, denies any and all allegations as pertaining to any negligence on the part of this Defendant or that the Plaintiff herein is entitled to recovery of this Defendant under any theory of law.

## AFFIRMATIVE DEFENSES

As separate and complete defenses, based on information and belief, CARNIVAL states as follows:

### FIRST AFFIRMATIVE DEFENSE

For its First Affirmative Defense, CARNIVAL CORPORATION avers that the negligence, actions and/or misaction of the Plaintiff was the sole and proximate cause of any and all injuries or damages as  alleged in the Complaint, and as such, the Plaintiff's right to recovery is either barred or shall be reduced pursuant to the doctrine of Comparative Negligence.

### SECOND AFFIRMATIVE DEFENSE

For its Second Affirmative Defense, CARNIVAL CORPORATION asserts that the Plaintiff's action is precluded, limited and/or controlled by the limitations, terms and conditions contained in the Plaintiff's ticket/contract for passage.

## THIRD AFFIRMATIVE DEFENSE

For its Third Affirmative Defense, Defendant asserts that Plaintiff has failed to mitigate his damages, if any, thus precluding or diminishing the Plaintiff's recovery herein to the extent such mitigation would have diminished or avoided Plaintiff's alleged losses or injuries.

## FOURTH AFFIRMATIVE DEFENSE

For its Fourth Affirmative Defense, the Defendant further affirmatively alleges, without admitting liability, that in the event that the Plaintiff should recover on his claim, this Defendant would be entitled to a set-off, off-set and/or reduction for any and all collateral source benefits either paid or payable to the Plaintiff.

## FIFTH AFFIRMATIVE DEFENSE

For its Fifth Affirmative Defense, Defendant affirmatively alleges that Plaintiff's injuries, if any, are the result of a pre-existing injury or condition which was not aggravated by the alleged accident claimed herein.  Alternatively, if any pre-existing injury or condition was aggravated by any alleged injuries herein, the Plaintiff is only entitled to reimbursement for the degree of aggravation, and any recovery he obtains herein must be limited to the percentage of aggravation he suffered as a result of this alleged accident.

## SIXTH AFFIRMATIVE DEFENSE

For its Sixth Affirmative Defense, Defendant alleges that Plaintiff's injuries, if any, were proximately caused by the conduct of third parties, such as co-passengers, not subject to the control, supervision or direction of this Defendant, thereby precluding or diminishing Plaintiff's recovery herein.

## SEVENTH AFFIRMATIVE DEFENSE

For its Seventh Affirmative Defense, Defendant alleges federal maritime law to the exclusion of state law controls this action.

## EIGHTH AFFIRMATIVE DEFENSE

For its Eighth Affirmative Defense, Defendant alleges that Plaintiff has not suffered a permanent injury and as such, this Defendant is not liable to any of the Plaintiffs herein or any such recovery is limited by the extent of injury.

## NINTH AFFIRMATIVE DEFENSE

For its Ninth Affirmative Defense, Defendant avers it owed a duty of reasonable care to the Plaintiff herein and that this Defendant complied with and otherwise fulfilled its duty to the Plaintiff and as such, the Plaintiff herein is unable to recover of this Defendant.

## TENTH AFFIRMATIVE DEFENSE

For its Tenth Affirmative Defense, the Defendant asserts that to the extent that the Plaintiff's Complaint relates that a dangerous condition existed on the vessel of this Defendant, this Defendant would affirmatively aver that any such condition, if in existence, was such an open and obvious condition that the Plaintiff did or should have observed and comprehended same; thus, avoiding the alleged accident and as such, any recovery of the Plaintiff herein is barred or should be accordingly reduced.

## ELEVENTH AFFIRMATIVE DEFENSE

For its Eleventh Affirmative Defense, the Defendant would further affirmatively aver that to the extent that the Plaintiff's Complaint purports to state a claim for attorney's fees, the Defendant avers that there was no basis in contract or statute for the Plaintiff's recovery of same and that federal maritime law also bars the Plaintiff's recovery of attorney's fees herein and as

such, any attempt to recovery of attorney's fees by the Plaintiff herein is unsupported and otherwise barred.

## TWELFTH AFFIRMATIVE DEFENSE

For its Twelfth Affirmative Defense, the Defendant avers that it had no notice, actual, constructive or otherwise of any dangerous condition which the Plaintiff alleges was the proximate cause of his damage and as such, the Defendant herein is not liable to the Plaintiff herein based on a theory of negligence and the Plaintiff is unable to recover of this Defendant.

## THIRTEENTH AFFIRMATIVE DEFENSE

For its Thirteenth Affirmative Defense, CARNIVAL CORPORATION asserts that some or all of the Plaintiff's claims are time barred by law or by laches.

## FOURTEENTH AFFIRMATIVE DEFENSE

For its Fourteenth Affirmative Defense, the Defendant further affirmatively avers that any injury or damage as alleged to have been suffered by the Plaintiff herein is not the proximate result of any negligence of this Defendant and any such injuries are unrelated to the incident at issue and as such, the Plaintiff is unable to recover of this Defendant.

Defendant reserves the right to amend its Affirmative Defenses as more facts become known through discovery.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 16, 2016, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing

generated by CM/ECF or in some authorized manner for those counsel or parties who are not

authorized to receive electronically Notices of Electronic Filing.

DONNISE DESOUZA WEBB, ESQ.
CARNIVAL CRUISE LINES
Attorney for Defendant
3655 N.W. 87th Avenue
Miami, Florida 33178-2428
(305) 406-4838 Direct Phone
(305) 599-2600 Ext. 18042 Assistant's Phone
(305) 406-4732 Telefax
Dedicated Judge's Phone (305) 406-5399
        (For Judges only)


By:   */s/ DONNISE DESOUZA WEBB, ESQ.*
        DONNISE DESOUZA WEBB, ESQ.
        FLA. BAR NO; 879398

## SERVICE LIST

JASON R. MARGULIES, ESQ.
FLA. BAR NO. 57916
mwinkleman@lipcon.com
LIPCON, MARGULIES, ALSINA
& WINKLEMAN, P.A.
Attorney for Plaintiff
One Biscayne Tower – Suite 1776
2 South Biscayne Boulevard
Miami, Florida 33131
Telephone:  (305) 373-3016
Facsimile:  (305) 373-6204
JACQUELINE GARCELL, ESQ.
FLA. BAR NO 104358
jgarcell@lipcon.com

DONNISE D. WEBB, ESQ.
FLA. BAR NO. 879398
CARNIVAL CRUISE LINE
Attorney for Defendant
3655 N.W. 87th Avenue
Miami, Florida  33178
Tel.: (305) 406-4838
Facsimile:  (305) 406-4732